**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BARRY FRANKLIN BRAY**                                               **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:15-cv-91-DCB-MTP**

**MANAGEMENT TRAINING CORPORATION and
CORRECTIONS CORPORATIONS OF AMERICA**                **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Motion to Dismiss [28] filed by Defendant

Corrections Corporations of America ("CCA") and *sua sponte* for evaluating whether Plaintiff's

claims against Defendant CCA should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim.  Having considered the parties' submissions, the undersigned

recommends that the Motion to Dismiss [28] be granted and Plaintiff's claim against Defendant

CCA be dismissed with prejudice.[1]

**BACKGROUND**

On September 22, 2015, Plaintiff Barry Franklin Bray, proceeding *pro se* and *in forma*

*pauperis*, filed this action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that in September of

2006, while he was incarcerated at Wilkinson County Correctional Facility, he broke his hand on

the wall of the gym and was taken to the emergency room for medical treatment.  Plaintiff

alleges that Defendant CCA charged his inmate account $2,500.00 for the medical care in

---

[1] On October 5, 2016, the undersigned entered a Report and Recommendation [35],
recommending that the Court grant the Motion for Summary Judgment [23] filed by Defendant
Management Training Corporation ("MTC") and dismiss MTC from this action.  On November
14, 2016, this Court adopted the Report and Recommendation and dismissed MTC from this
action. *See* Order [42].

violation of Mississippi Department of Corrections ("MDOC") policy.  According to Plaintiff, he was released from prison in 2007 and discovered the $2,500.00 charge to his account after he returned to prison in 2012.  *See* Complaint [1]; Response [14].

## DISCUSSION

**Motion to Dismiss [28]**

On June 21, 2016, Defendant CCA filed its Motion to Dismiss [28], arguing that Plaintiff's claim is barred by the statute of limitations.  Initially, Plaintiff did not file a response to the Motion [28].  On September 8, 2016, the Court entered an Order [31] instructing Plaintiff to file a response, and on October 3, 2016, Plaintiff filed his Response [34].  CCA references matters outside the pleadings in support of its Motion; therefore, the undersigned will consider the Motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).  Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

CCA's reference to matters outside the pleadings gave Plaintiff notice that the Court could treat the Motion [28] as one for summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990); *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 Fed. App'x. 485, 487 (5th Cir. 2012).  Nevertheless, on November 14, 2016, the Court instructed Plaintiff that the Motion [28] would be considered as a motion for summary judgment and afforded Plaintiff another opportunity to present any material that he deemed pertinent to the Motion. *See* Order [43].  Plaintiff did not file any additional material by the deadline of November 29, 2016, as provided by the Court and, to date, has not filed any additional material.

2

*Standard*

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

<u>Analysis</u>

In Section 1983 actions, courts look to the law of the state in which the cause of action arose to determine the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Specifically, courts look to a state's general or residual statute of limitations for personal-injury torts. *Id.*; *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Mississippi, the applicable statute of limitations is three years. *Edmonds v. Oktibbeha Cnty., Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing Miss. Code § 15-1-49).

In support of its Motion, CCA references an affidavit from Emma Taplin, the compliance coordinator at WCCF. *See* Taplin Affidavit [23-1].[2] According to Taplin, on July 21, 2006, Plaintiff received a rule violation report ("RVR") for self-mutilation after admitting that he hit his hand on the brick wall in the gym. Thereafter, on September 8, 2006, Plaintiff's inmate account was charged $2,500.00 to pay for medical expenses. Nearly a year later, on August 7, 2007, Plaintiff was released from WCCF. *Id.* Plaintiff was again incarcerated in 2012, and he filed this action on September 22, 2015. *See* Complaint [1].

The record demonstrates that Plaintiff filed this action more than nine years after his account was charged $2,500.00. In his Response [34] to the Motion to Dismiss, Plaintiff argues

_____

[2] Defendant MTC submitted the Taplin affidavit in support of its Motion for Summary Judgment [23].

that his claim should not be dismissed because he was not notified of the charge to his account before he was released from prison in 2007.

"The accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388.  The general rule under common-law tort principles is that "accrual occurs when the plaintiff has a complete and present cause of action," which is "when the plaintiff can file suit and obtain relief." *Id*. (quotations omitted ). The United States Court of Appeals for the Fifth Circuit has held that "the statute of limitations under § 1983 begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Edmonds*, 675 F.3d at 916 (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)).  This awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quotations omitted).  "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Id*. (citation omitted).  "Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further." *Id*. (quotation omitted).

Plaintiff asserts that he did not become aware of the $2,500.00 charge to his account until after he returned to prison in 2012.  Plaintiff, however, admits that before he was released from prison, he "was taken to a disciplinary hearing and given a punishment of 'pay medical expenses . . . .'" *See* Response [40] at 1.  Plaintiff argues that this punishment did not amount to notice because "there was never any certainty of what 'pay medical expenses' entailed." *Id*. Additionally, the record shows that on September 8, 2006, $50.00 was deposited into Plaintiff's

inmate account and was immediately debited to pay for the medical charge. *See* [23-1] at 5-6.

These events represent circumstances that would lead a reasonable person to investigate further. *See Piotrowski*, 237 F.3d at 576.  A reasonable person would investigate what medical expenses he or she was required to pay.  Plaintiff had notice of facts (he was ordered to pay medical expenses and medical costs were taken from his account) which, in the exercise of due diligence, would have led to actual knowledge.  Plaintiff's failure to make a reasonable inquiry does not postpone the accrual of his claim.  Plaintiff's Section 1983 claim accrued, and the statute of limitations began to run, in 2006.  Therefore, Plaintiff's claim is time barred and should be dismissed.

### *Parratt/Hudson Doctrine*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned has also evaluated whether Plaintiff's claim against CCA should be dismissed for failure to state a claim.  The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  On October 5, 2016, the Court directed the parties to address the issue of whether the *Parratt/Hudson* doctrine bars Plaintiff's claim. *See* Order [36].  Plaintiff and CCA filed responses addressing the *Parratt/Hudson* doctrine.

Standard

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Analysis

"Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir.

1995) (citation omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).  The doctrine applies whether the random unauthorized deprivations of property were negligent or intentional. *Daniels v. Williams*, 474 U.S. 327 (1986). However, "[c]onduct is not considered 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).

Plaintiff has not alleged that the property deprivation was made in accordance with any policy or was in any other way "authorized."  On the contrary, Plaintiff claims that CCA violated MDOC policy–specifically, MDOC policy 25-02-A–when it charged his account $2,500.00. *See* Complaint [1] at 11; Response [14] at 3.  Thus, the *Parratt/Hudson* doctrine is applicable if the State provides an adequate post-deprivation remedy. *See Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996) (holding that the *Parratt/Hudson* doctrine applied when sheriff debited indigent prisoners' accounts in violation of jail policy); *Legget v. Comer*, 280 Fed. App'x. 333, 335 (5th Cir. 2008) (affirming dismissal of prisoner's claim that defendants intentionally failed to comport with prison policy to inventory and secure his property, reasoning that "the *Parratt/Hudson* doctrine explicitly applies to the unauthorized, intentional deprivation of property by a state employee").

Mississippi provides remedies for the deprivation of Plaintiff's property. *See*, *e.g.*, Miss. Code § 11-38-1, *et seq.* (claim and delivery); Miss. Code § 11-37-101, *et seq.* (replevin); *see also Johnson v. King*, 85 So. 3d 307 (Miss. App. 2012) (finding confiscation of inmate's drinking mug to violate the Takings Clause of the state constitution); *Lester v. Lee*, 2014 WL 2505666, at

*2 (N.D. Miss. June 3, 2014) (finding that a plaintiff's remedy for the taking of property arises from Mississippi's Constitution and, therefore, is not foreclosed by the Mississippi Tort Claims Act's prohibition of inmates' claims against governmental entities and their employees acting within the course and scope of their employment); *Montgomery v. Palmer*, 2013 WL 5423910, at *4 (N.D. Miss. Sept. 26, 2013).  It is Plaintiff's burden to establish that these post-deprivation remedies are inadequate. *Myers*, 97 F.3d at 94-95.  Plaintiff has failed to allege, much less provide evidence, that these remedies are inadequate.  Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nicken v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994).

Accordingly, Plaintiff's remedy for the alleged property deprivation lies not in a Section 1983 action, but in a claim under state law. *See Myers*, 97 F.3d at 94-95 (holding that because adequate post-deprivation state remedy existed, plaintiffs failed to state actionable Section 1983 claim for allegedly unauthorized debits from their accounts); *Adams v. Epps*, 2012 WL 1314092, at *4 (S.D. Miss. Mar. 20, 2012) (holding that plaintiff's remedy for defendant's alleged act of wrongfully charging plaintiff for sick calls lies in a tort claim under state law, not in a Section 1983 action); *Smith v. Woodall*, 2015 WL 9808777, at *5 (S.D. Miss. Oct. 28, 2015) (dismissing plaintiff's claim that he was wrongfully charged $6.00 for medical services because Mississippi provided adequate post-deprivation remedies); *Stewart v. Herrington*, 2008 WL 3822597, at **3-4 (S.D. Miss. Aug. 12, 2008) (dismissing plaintiff's claim that he was wrongfully charged twice for medical services because Mississippi provided adequate post-deprivation remedies); *Calloway v. Woods*, 2006 WL 3166427, at *3 (E.D. Tex. Nov. 1, 2006) (dismissing plaintiff's claim that his inmate account was wrongfully charged for sick calls since Texas provided an

adequate post-deprivation remedy); *Richardson v. LeBlanc*, 2011 WL 1775749, at *1 (M.D. La. April 15, 2011) (dismissing plaintiff's claim that he was wrongfully charged for dental services because Louisiana provided adequate post-deprivation remedies).

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that Defendant CCA's Motion to Dismiss [28] be granted and that Plaintiff's claim against CCA be dismissed with prejudice because the claim is barred by the statute of limitations.  Alternatively, the undersigned recommends that Plaintiff's claim against CCA be dismissed with prejudice pursuant to Section 1915(e)(2)(B)(ii) because Plaintiff's claim is barred by the *Parratt/Hudson* doctrine.[3]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

---

[3] A dismissal of Plaintiff's Section 1983 claims pursuant to the *Parratt/Hudson* doctrine does not preclude Plaintiff from pursuing tort claims under state law.

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 6th day of December, 2016.

s/ Michael T. Parker
United States Magistrate Judge